† PAGE & *als., in review, versus* SWANTON & *al.*

If, between the owners of a vessel no other relations exist than that arising from such ownership, in an action against them for supplies, the unauthorized admission of one of the indebtment of all, is not competent evidence to charge the other owners.

ON EXCEPTIONS from *Nisi Prius*, HATHAWAY, J., presiding.

ASSUMPSIT. This action was tried on a review granted on the petition of Samuel Page, at the Oct. term, 1851.

The parties to the original suit were J. B. Swanton & al. v. Samuel Page, Benjamin Bailey and Wm. Greenleaf.

At the Oct. term, 1853, the two latter original defendants were defaulted. Page pleaded the general issue.

The articles sued for were furnished for schooner "Willie Waugh" to fit her for sea, and were delivered thus:— $334,44, of the amount to Bailey, on the order of Page, directing it to be charged to him. June 2d and 21st, 1847, $99,99, of the sum, delivered to Greenleaf, Aug. 17, 1847,

and $19,08, delivered Greenleaf, April 18, 1848; at which time he paid $75.

There was evidence of payments made by both Page and Bayley to workmen on the schooner, and a bill of sale of one fourth of the same from Page to Greenleaf, June 14, 1847, and by copy of enrollment dated June 19 of same year, wherein Page made oath that he and Greenleaf were sole owners.

The original plaintiffs also offered in evidence a letter from Bayley to them, of Oct. 22, 1853, wherein he informed them, that the articles furnished on Page's order went into the schooner Willie Waugh, in which he and Page were jointly concerned at the time of the purchase.

This was received against defendants' objections.

Among the requests for instructions were the following by defendants in review:—

That if from the whole evidence the jury believe they all were owners, the admission of each is evidence against the whole.

But the Judge instructed them, *that* if the joint ownership and liability of all the defendants were first proved, then the acknowledgment of each concerning the joint indebtedness, would be competent evidence against the whole.

The jury returned a verdict against the plaintiff in review, and he filed exceptions to the ruling and instructions.

*Hubbard*, for plaintiff in review.

*Randall & Tallman*, for defendants.

RICE, J. — The Judge was requested to instruct the jury that if from the whole evidence, they believed they, (defendants,) were all owners, the admission of each is evidence against the whole.

Upon this request the Judge did instruct the jury that if the joint ownership and liability of all the defendants were first proved, then the acknowledgment of each concerning the joint indebtedness, would be competent evidence against the whole.

While ship owners may be in partnership as owners, their general relation is that of tenants in common, and their partnership relation, though probable, cannot be presumed from the fact of being part owners. They are not agents for each other, unless made such by authority conferred for the purpose, expressly or by implication. Their acts are not binding upon each other, without such special authority; nor can the unauthorized admissions of one implicate or bind the others. *McLellan* v. *Cox*, 36 Maine, 95.

In the case at bar there is not only no evidence of partnership, but the evidence shows that the defendants were not all owners at the time the original plaintiffs parted with the property sued for. The instructions were erroneous, and the verdict without evidence to support it.

*Exceptions sustained, verdict set aside,*
*and new trial granted.*

TENNEY, J., was prevented by indisposition from hearing the case and took no part in the decision.